**Grey v LIC Dev. Owner, L.P.**

2025 NY Slip Op 32727(U)

August 8, 2025

Supreme Court, New York County

Docket Number: Index No. 151699/2022

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ARLENE P. BLUTH**                    PART                    **14**

*Justice*

--------------------------------------------------------------------------------X

WILLIAM GREY

Plaintiff,

- v -

LIC DEVELOPMENT OWNER, L.P.,

Defendant.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151699/2022 |
| MOTION DATE | 08/05/2025 |
| MOTION SEQ. NO. | 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275

were read on this motion to/for                    RENEWAL                    .

Defendant's motion to reargue and to renew is denied.

As an initial matter, the Court denies the branch of the motion that seeks to reargue.

**Renewal**

This Court previously granted plaintiff summary judgment on liability in this rent overcharge case regarding renewal leases that did not property account for concessions that are now treated as preferential rent. Defendant participated in the 421-a program, a tax abatement scheme that permitted tax breaks in connection with the construction of apartments on the condition that the apartments were rent stabilized.  This action concerns plaintiff's insistence that defendant did not properly register the rents for these rent stabilized apartments by using concessions to entice tenants to sign leases but not registering the rent they were actually paying.

In the Court's decision granting summary judgment, in part, the Court pointed to a Court of Appeals decision, *Burrows v 75-25 153rd St., LLC* (2025 WL 863241, 2025 NY Slip Op 01669 [2025]), that found that discrete rent concessions are not preferential rents (NYSCEF Doc. No.

[* 1]

207 at 5). This Court then observed that the applicable agency guidance from DHCR at the time, called Fact Sheet #40, specifically distinguished rent concessions from preferential rent (*id*.). Therefore, the Court found that the initial legal regulated rent was proper (*id*. at 6-7). However, the Court granted plaintiff's motion with respect to rents imposed after June 14, 2019 as DHCR issued new guidance, a new Fact Sheet #40, following the passage of the HSTPA which did not make any distinction between preferential rents and concessions—rather, it offered a broad definition of preferential rents that, in this Court's view, included concessions (*id*. at 7). In other words, under this new guidance, defendant was required to register the actual rent paid by the tenants with DHCR.

Defendant claims that it did not get a chance to make arguments about *Burrows* (as it was decided after it submitted papers in the prior motion sequence) and that proposed legislation constitute new facts that should compel the Court to modify its decision and grant defendants' request for dismissal. It insists that the *Burrows* decision from the Court of Appeals requires a finding that discrete rent concessions are not preferential rents.

In opposition, plaintiff emphasizes that the *Burrows* decision only applied to a rent concession that pre-dated the current Fact Sheet #40 (agency guidance from DHCR about preferential rent) and so it does not compel the Court to grant renewal. Plaintiff explains that the old fact sheet insisted that lump sum concessions were not to be considered as preferential rents while the new fact sheet makes no such distinction.

In reply, defendant claims that the new Fact Sheet #40 does not specifically repudiate the guidance in the prior fact sheet and so the Court should not have concluded that all rent concessions are, essentially, preferential rents. It argues that DHCR's purported reversal would

151699/2022   GREY, WILLIAM vs. LIC DEVELOPMENT OWNER, L.P.                    Page 2 of 4
     Motion No.  005

2 of 4

[* 2]

suddenly change how the law views preferential rents without any statutory or regulatory text to support this conclusion.

**Discussion**

First, the Court rejects defendant's assertion that a proposed and unsuccessful bill in the New York State Senate somehow requires the Court to grant renewal. Defendant contends that this legislation sought to impute rent concessions into the registration of rents. This Court is not aware, and defendant did not cite, any precedent for the proposition that a politician's proposed legislation (which did not even make it out of committee) somehow binds this Court to the sponsor's purported interpretation of the law. While courts may, from time to time, consider legislative history in connection with statutes that *have already passed*, the Court cannot glean dispositive legislative intent or statutory interpretation from a failed bill.

Moreover, the Court specifically referenced the *Burrows* decision in the opinion for which defendant seeks renewal. The Court observed that under *Burrows*, the initial legal regulated rent charged in this action was not an overcharge because tenants received one-time concessions as opposed to an offer that could be viewed as a preferential rent.[1] However, the Court found that because the agency changed its guidance as of June 14, 2019, the rent concessions issued after this date should be considered as preferential rent and registered as such with DHCR. In other words, any allowable increases (as these were rent stabilized apartments) were to be applied to these preferential rents.

Defendant's position that this constitutes an improper reversal by DCHR is not properly before this Court—DHCR is not a party to this action. This Court merely applied the definition

---

[1] The Court observes that, in contrast to other 421-a matters, this case did not involve any construction concessions (*c.f. Chernett v Spruce 1209, LLC*, 200 AD3d 596, 598, 161 NYS3d 48 [1st Dept 2021]) The record only references concessions in the form of a free month.

**151699/2022   GREY, WILLIAM vs. LIC DEVELOPMENT OWNER, L.P.**
**Motion No.  005**

**Page 3 of 4**

used by DHCR of preferential rent in the new fact sheet: "A preferential rent is a rent an owner agrees to charge that is lower than the legal regulated rent they could lawfully collect" (NYSCEF Doc. No. 268). That definition compelled the finding that these later-in-time concessions should be considered as part of a preferential rent. This new fact sheet makes no mention of concessions despite the fact that the previous fact sheet explicitly addressed and permitted concessions. Therefore, this Court had little choice but to apply this agency guidance in a straightforward manner to the facts of this case.

The Court observes that with respect to the old Fact Sheet #40, the First Department held that "We have previously credited DHCR's Fact Sheet #40 as a permissible interpretation of the law" (*Chernett v Spruce 1209, LLC*, 200 AD3d 596, 598, 161 NYS3d 48 [1st Dept 2021]). It would be wholly unfair to utilize this interpretation with respect to the old fact sheet to defendant's benefit and then reject the new fact sheet's guidance simply because it does not inure to defendant's advantage. And defendant did not cite a sufficient reason to reject this guidance other than that it disagrees with this new interpretation.

Accordingly, it is hereby

ORDERED that defendant's motion to reargue and renew is denied.

| **8/8/2025** | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**151699/2022   GREY, WILLIAM vs. LIC DEVELOPMENT OWNER, L.P.**
**Motion No.  005**

**Page 4 of 4**